IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

VICKI MAGNUSON, )
)
    Plaintiff, )
)
v. ) Case No. 11-CV-561-CVE-PJC
)
MICHELLE JACKSON and )
ALLSTATE FIRE & CASUALTY )
INSURANCE COMPANY, )
)
    Defendants. )

## OPINION AND ORDER

Before the Court is Defendant Jackson's Motion for Physical Examination ("Jackson's Motion"). [Dkt. No. 51]. Jackson seeks a physical examination of Plaintiff Vicki Magnuson. Jackson requests that this examination take place at 10 a.m. on June 7, 2012, at the office of Dr. John Hastings, 6802 South Olympia Avenue, Suite 300, Tulsa. A hearing on Jackson's Motion was held June 5, 2012. For the reasons set forth below, the Motion is **DENIED**.

Discovery under the Federal Rules of Civil Procedure includes oral and written depositions (Rules 26-32), interrogatories to parties (Rule 33), production of documents (Rule 34) and physical and mental examinations of parties (Rule 35). *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964). Thus, some courts have held that Rule 35 exams must be "accomplished within the discovery deadline established by the court." *Briesacher v. AMG Resources, Inc.*, 2005 WL 2105908, *1 (N.D.Ind. Aug. 31, 2005). *See also*, *Miksis v. Howard*, 106 F.3d 754, 758-59 (7th Cir.

1

1997) (motion for examination filed after discovery deadline which had been extended several times); *Balzer v. Am. Family Ins. Co.*, 2010 WL 1838431, *1 (N.D.ind. May 6, 2010).

However, other courts have exercised discretion to allow a Rule 35 examination after discovery cutoff. *E.g.*, *Walton v. North Carolina Dept. of Agriculture and Consumer Services*, 2011 WL 883579 at *1, 4 (E.D.N.C. March 11, 20112) (granting motion to compel Rule 35 exam where motion filed before close of discovery but examination to occur after discovery deadline); *Impey v. Office Depot, Inc.*, 2010 WL 2985071 at *19-21 (N. D. Cal. July 27, 2010) (allowing examination after fact discovery deadline but prior to expert deadline); *Allshouse v. JBL Ltd.*, 2006 WL 517615 at *2 (S. D. Ill. March 2, 2006) (extending discovery deadline and allowing Rule 35 exam). Often the court's analysis is driven by the specific facts and circumstances presented by the Rule 35 request. *Creech v. Stryker Corp.*, 2012 WL 33360, at *9-10 (D.Utah Jan. 6, 2012).

In January 2012, Defendants requested an extension of the deadlines in this case. That request was made, among other reasons, to have an independent medical examination of Plaintiff performed, if Defendants deemed that necessary. [Dkt. No. 25, p. 3]. The Motion was granted and deadlines were extended 90 days. [Dkt. No. 29]. The Amended Scheduling Order established a deadline of April 26, 2012, for identification of Defendants' expert witnesses and production of their expert reports. [Dkt. No. 29, line 8]. The amended general discovery cutoff was set for May 24, 2012. [Dkt. No. 29, line 3].

At the June 5 hearing, Defendant Jackson explained that she requested a physical examination of Plaintiff in May, but did not seek a Court Order as required by Rule 35.[1] Plaintiff informed Jackson she would not appear for that exam because there was no Court Order in place. On May 23 – one day before discovery cutoff and one month after the expert report deadline – Jackson filed her motion for a Rule 35 exam. Counsel stated at the hearing that, if allowed, Dr. Hastings would perform his exam, prepare an expert report, and be deposed in anticipation of testifying as an expert witness at trial.

Jackson's request comes too late. Jackson is well passed the deadline for expert identification and reports and has offered little to justify reopening expert discovery 90 days before trial. If Jackson had intended to use Dr. Hastings as an expert she was required to identify him and produce his expert report by April

---

[1] Rule 35 provides:

**(1)** *In General.* The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

**(2)** *Motion and Notice; Contents of the Order.* The order:

**(A)** may be made only on motion for good cause and on notice to all parties and the person to be examined; and

**(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

3

24. That was not done. Furthermore, Jackson neither secured a Court Order as required by Rule 35 nor conducted the physical exam before the general discovery deadline. Thus, allowing a Rule 35 exam now would require extending two deadlines. Finally, Jackson has an alternative method to assess Plaintiff's physical condition – Jackson has Plaintiff's medical records and has deposed her treating doctors.

Jackson asserts that Magnuson's physical condition is in controversy, but that has been true since the lawsuit was filed in August 2011. The Court amended its Scheduling Order at Defendants' request, extending the dates for expert reports and discovery. Jackson failed to comply with those deadlines. To allow a Rule 35 exam at this date would effectively extend the expert deadline by six weeks or more. Allowing a belated expert report would prejudice Plaintiff by forcing Plaintiff's counsel to spend time on expert discovery and depositions at a time when both sides should be honing their cases for trial. Jackson's belated request could force Plaintiff to secure a rebuttal expert, thereby endangering the scheduled trial date.

ACCORDINGLY, the Motion for Physical Examination after the expert and discovery deadlines is **DENIED**.

IT IS SO ORDERED this 5th day of June 2012.

_____
Paul J. Cleary
United States Magistrate Judge