UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| VICKI MAGNUSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 11-CV-0561-CVE-PJC |
| MICHELLE JACKSON and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are Defendant Allstate Fire and Casualty Insurance Company's Motion for Summary Judgment (Dkt. # 44) and Defendant Jackson's Motion for Partial Summary Adjudication (Dkt. # 61). Defendants Allstate Fire and Casualty Insurance Company (Allstate) and Michelle Jackson seek summary judgment on plaintiff's claims of fraud, defamation, tortious interference with contract, and intentional infliction of emotional distress.

### I.

Vicki Magnuson and Jackson were involved in a minor automobile accident on August 23, 2010. Jackson had automobile insurance coverage under a policy issued by Allstate, and Magnuson contacted Allstate to make a third-party claim. Dkt. # 44-1, at 3; Dkt. # 60-1, at 1. Magnuson spoke to Greta Cobb and discussed the accident. Magnuson stated that she had no pre-existing conditions and no aggravation of injuries, but she was "sore" after the accident. Dkt. # 44-1, at 3. She claimed that she was unable to work on two of her clients and she earned $1 per minute. Id. Cobb offered Magnuson $200 for pain and suffering and $60 for lost wages, and Cobb believed that Magnuson

agreed to accept the offer. Id. Magnuson states that she subsequently received a check for $260 from Allstate, but that she refrained from depositing the check because she did feel that the amount was "adequate to compensate [her] for [her] claims for bodily injury arising" from the accident. Dkt. # 60-1. However, Magnuson made no attempt to contact Allstate to formally decline the settlement offer and Allstate's claims file showed Magnuson's third-party claim as closed. Dkt. # 44-1, at 1-3.

Magnuson claims that she suffered neck and should pain after the accident, and she visited a chiropractor, Mark Peery, D.C., seven times between August 26 and September 13, 2010. Dkt. # 60-1, at 2. She subsequently visited a different chiropractor, Michael Lau, D.C., four times between September 15 and September 20, 2010. Id. She did not advise Allstate that she was receiving chiropractic treatment. Dkt. # 44-2, at 5. Magnuson had an appointment with Dr. Lau on September 22, 2010 and his office, Natural Health & Chiropractic Center, contacted Allstate to verify that it had accepted liability for the accident allegedly giving rise to Magnuson's need for chiropractic care. Dkt. # 60-2, at 1. Allstate advised Dr. Lau's office that Magnuson's claim had been settled. Dkt. # 44-1, at 1. When Magnuson arrived for her appointment on September 22, 2010, she was informed that her insurance claim was closed and she would be responsible for her medical bills. Magnuson's appointment was not cancelled by Dr. Lau's office but, instead, Magnuson was advised that she could submit the medical bills to her health insurer or she could set up a payment plan. Dkt. # 60-1, at 2.

Magnuson called Allstate to ask why it told Dr. Lau's office that her claim was closed, because "someone told her if she cashed the injury check the claim is closed and if she did not cash the injury check she could continue to treat." Dkt. # 44-1, at 1. Allstate explained that it would pay only reasonable and necessary medical expenses, and that Magnuson "may" have to pay her own

2

chiropractic bills.  Id.  Allstate offered to review Magnuson's medical bills and claimed lost wages but it would not guarantee to pay everything demanded by Magnuson.  Id.  After speaking to Allstate, Magnuson spoke to Dr. Lau's receptionist and stated that she could not pay for treatment. Dr. Lau's receptionist did not immediately cancel the appointment and again offered to set up a payment plan for past and future treatment.  Dkt. # 60-1, at 2.  Plaintiff stated that she had "absolutely no money" and she left Dr. Lau's office without receiving any treatment.  Id. at 2-3.

Plaintiff filed this case in Tulsa County District Court against Jackson and Allstate.  Dkt. # 2-2, at 1-4.  She alleged a negligence claim against Jackson and a fraud claim against Jackson and Allstate.  Plaintiff's petition states that she is a citizen of Oklahoma and that Jackson is a citizen of Oklahoma.  Dkt. # 2-2, at 1.  Plaintiff filed an amended complaint (Dkt. # 17) adding claims of tortious interference with contract, defamation, and intentional infliction of emotional distress.[1] Allstate removed the case to federal court without Jackson's consent to removal, and Allstate acknowledged that the parties are not completely diverse.  However, Allstate argues that plaintiff fraudulently joined Jackson as a party to defeat diversity jurisdiction and that plaintiff fraudulently misjoined distinct sets of claims against Jackson and Allstate in a single lawsuit, and the Court should exercise diversity jurisdiction over this case.  Dkt. # 2, at 1.

Before reaching the merits of the pending motions for summary judgment, the Court finds that there is a substantial issue as to whether the Court has jurisdiction over this case.  Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction.  Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd.

---

[1] Plaintiff incorrectly labeled her intentional infliction of emotional distress claim as one for "slander and defamation."  Dkt. # 17, at 3

Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Allstate removed this case to federal court on the basis of diversity jurisdiction. Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989). In this case, the parties are not completely diverse because plaintiff and Jackson are both citizens of Oklahoma. Allstate acknowledges this fact in the notice of removal, but it argues that plaintiff fraudulently joined Jackson as a party to defeat diversity jurisdiction. Dkt. # 2, at 1. Allstate also argues that plaintiff's claims against Allstate and Jackson are "procedurally misjoined," and it cites an unpublished case

4

from the United States District Court for the Southern District of Florida in support of its argument that the Court should retain jurisdiction. Stone v. Zimmer, Inc., 2009 WL 1809990 (S.D. Fla. June 25, 2009).

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882. Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If defendants can show that the non-diverse defendants were fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over this case. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

5

Allstate argues that plaintiff fraudulently joined Jackson to defeat diversity jurisdiction, and the Court has subject matter jurisdiction over this case. Dkt. # 2, at 1. The Court finds Allstate's argument perplexing to the extent that Allstate is suggesting that it was inappropriate for plaintiff to name Jackson, the other driver in an automobile negligence case, as a party. The Court makes no finding on the merits of plaintiff's claims against Allstate, but Allstate's argument that plaintiff fraudulently joined Jackson as a party is meritless. Plaintiff clearly has a legitimate basis to assert a negligence claim against Jackson for personal injuries arising out of the automobile accident underlying this case, and the doctrine of fraudulent joiner is inapplicable.

Allstate also argues that plaintiff fraudulently misjoined claims against defendants in an attempt to defeat diversity jurisdiction, because plaintiff's claims against each defendant arise out of a separate transaction and cannot be brought in a single lawsuit. Fraudulent joinder is the joinder of a non-diverse defendant "having no real connection to a case," while fraudulent or procedural misjoinder is the misjoinder of entirely distinct claims against two or more groups of defendants in violation of Fed. R. Civ. P. 20 in attempt to defeat diversity jurisdiction. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). Only the Eleventh Circuit Court of Appeals has expressly adopted the doctrine of fraudulent misjoinder, and that decision, Tapscott, was abrogated on other grounds. See Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Other federal courts have considered whether fraudulent misjoinder is a basis for removal, but no other federal circuit court of appeals has adopted fraudulent misjoinder. In re Prempro Products Liability Litigation, 591 F.3d 613, 622 (8th Cir. 2010); In re Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002); California Dump Truck Owners Assoc. v. Cummins Engine Co., Inc., 24 Fed. Appx. 727 (9th Cir. 2001). The Tenth Circuit has not expressly adopted the doctrine of fraudulent misjoinder

6

in any setting. See Lafalier v. State Farm Fire & Cas. Co., 391 Fed. App'x 732 (10th Cir. Aug. 19, 2010).[2]

The Court declines to apply the doctrine of fraudulent misjoinder. The Tenth Circuit has not adopted the doctrine of fraudulent or procedural misjoinder, and no district court within the Tenth Circuit has applied the doctrine. See Roche Constructors, Inc. v. One Beacon America Ins. Co., 2012 WL 1060000 (D. Colo. Mar. 28, 2012); Cline v. Blackmon Mooring of Oklahoma City, Inc., 2012 WL 255675 (W.D. Okla. Jan. 27, 2012). The Court also finds that Allstate has overstated the alleged misjoinder and, even if plaintiff's claims were technically misjoined, plaintiff's joinder of claims against Jackson and Allstate in a single lawsuit is not so egregious that it would justify application of the fraudulent misjoinder doctrine. Plaintiff's claims arise out of an automobile accident and Allstate's subsequent handling of plaintiff's third-party insurance claim for alleged injuries suffered in the automobile accident, and these sets of claims are not so distinct that the doctrine of fraudulent misjoinder would apply. Thus, the parties are not completely diverse and Allstate has not shown that the requirements for diversity jurisdiction were met at the time this case was removed to federal court. The Court finds that it lacks subject matter jurisdiction over this case, and the case should be remanded to state court.

**IT IS THEREFORE ORDERED** that the Court lacks subject matter jurisdiction over this case and the Court Clerk is directed to **remand** this case to Tulsa County District Court.

**DATED** this 23rd day of July, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.